MO. PAC. R'Y CO. v. J. W. CREATH.

(No. 1829.)

APPEAL from Houston County.    Opinion by HURT, J.

MAXCY & DENNY, counsel for appellant.

ADAMS & MILLER, counsel for appellee.

§ 83. *Pleading; petition in suit against carrier for damage to goods should allege the time when the goods were received by carrier.*    Appellee sued appellant for damages to goods, alleging the shipment of the goods from a point in Louisiana to Crockett, Texas, a portion of the route being over appellant's line of railway, and alleging injury to the goods while in transit.    The peti-

tion fails to state the *time* when the goods were received for shipment by the carrier, and this defect was pointed out by special exception thereto, which exception was overruled. *Held*, error. In personal actions the petition must in general state a *time* when any material or traversable fact happened. [1 Chitty's Pl. p. 272.] That the carrier received the goods for transportation was a material and traversable fact, and the time when this occurred should therefore have been alleged. The judgment in favor of appellee, because of this error, must be reversed.

§ 84. *Through bill of lading; each carrier liable.* The goods were shipped upon a through bill of lading, providing for the transportation of said goods over the entire route, said route being over connecting lines of railway, and for which transportation full freight charges were received at the point of shipment. *Held:* Each of the connecting lines of carriers is responsible for the injury to the goods, without reference to which line the injury occurred on. The provision in the bill of lading, that the carrier in whose custody the goods were when the injury occurred should alone be liable, does not alter the rule above stated. [2 W. Con. Rep. § 430; *ante,* § 34.]

January 30, 1886.         Reversed and remanded.